# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2042-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KHAWAR SALEEM,

    Defendant-Appellant.

_____

> Submitted February 25, 2026 – Decided April 1, 2026
>
> Before Judges Paganelli and Jacobs.
>
> On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 18-12-1343.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).
>
> LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Khawar Saleem appeals from a January 27, 2025 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons stated in the written decision by Judge Mark P. Tarantino.

In December 2018, a Burlington County grand jury returned an indictment charging defendant with: first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); and third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) and N.J.S.A. 2C:14-2(a)(7). The State alleged defendant assaulted M.K. when the two were sitting next to each other on a bus.[1] The State contended defendant committed an act of vaginal penetration while M.K. was asleep.

Following a bench trial, "[t]he trial judge found defendant guilty of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) . . . . However, the judge found defendant not guilty of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7) . . . , and second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1)." State v. Saleem, No. A-2138-21 (App. Div. May 19, 2023), certif. denied, 255 N.J. 407 (2023) (slip op. at 2). We affirmed defendant's

---

[1] We use initials to protect the victim's identity. R. 1:38-3(c)(12).

conviction, ibid., and sentence on direct appeal. Id. at 17. We do not repeat our analysis of the trial here.

Defendant filed a petition for PCR. In the petition, defendant contended he was provided with ineffective assistance of trial counsel. Defendant asserted trial counsel's representation was inadequate because counsel failed to: (1) obtain an interpreter because English is not his "primary language"; (2) "adequately advise him about testifying"; (3) investigate, obtain, and preserve a list of the bus passengers; (4) obtain a "cross-cultural expert" to explain his reactions after M.K.'s accusations; (5) present medical proofs regarding his "frequent urination"; and (6) object to M.K.'s testimony regarding his reactions to M.K.'s accusations.

In a written statement of reasons accompanying the January 27, 2025 order, Judge Tarantino applied the controlling case setting forth the standards for ineffective assistance of counsel claims, Strickland v. Washington, 466 U.S. 668 (1984), and the New Jersey Supreme Court case that adopted those standards, State v. Fritz, 105 N.J. 42 (1987). The judge found "[d]efendant must do more than make 'bald assertions,'" relying on State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), and defendant failed to submit supporting "affidavits or certifications."

A-2042-24

The judge specifically addressed each of defendant's allegations.  He stated it was "acknowledged that English [wa]s not defendant's first language." Nevertheless, the judge found the language issue "was never raised as a concern at any stage of the case, including pre-indictment proceedings, post-indictment appearances, pre-trial conferences, during the trial, and on appeal."  The judge stated "[t]here was no indication that defendant could not understand English." In addition, the transcripts did not reveal "that defendant was . . . limited by not having an interpreter" and at trial, "[t]here were no questionable translations." Moreover, defendant displayed "no difficulty" speaking English on the mobile video recorder (MVR) footage captured by the investigating New Jersey State Trooper Mark Kaminski.

The judge found defendant's contentions regarding counsel's failure to "adequately advise" him regarding whether to testify were "similarly flawed." The judge stated that defendant failed to provide "specifics as to why counsel was ineffective" and noted that "in part due to his testimony . . . [he was] acquitted . . . of two of the three counts of the indictment."

As to defendant's allegation regarding counsel's failure to obtain the bus passenger list, the judge found "[i]t was never established that a bus passenger manifest, similar to an airline list of ticketed passengers who have been assigned

4

seats, actually existed." Moreover, the judge noted the trial judge found that Trooper Kaminski credibly testified "that none of the passengers saw or heard anything relevant." Therefore, "[e]ven if such a record was available, it was clear that no one on that bus could give any information useful to the [S]tate or [the] defense." Further, at the behest of counsel, the trial judge applied an "adverse inference against the [S]tate due to the lack of passenger names and telephone numbers" that Trooper Kaminski had collected but were "lost" and never produced.

The judge found there were "many questions/problems with" defendant's assertion "that a 'cross-cultural expert' should have been presented at trial to explain his actions and reactions after being confronted by" M.K. The judge concluded defendant offered "no support for th[e] argument." Defendant failed to "submit an affidavit or report from anyone who might be considered qualified to testify" regarding this topic and there was "nothing presented by defendant describing how this witness would have been helpful to" him.

The judge considered defendant's assertion that counsel failed to present "medical documentation" regarding his "condition that requires frequent urination." Defendant contends the medical evidence could have rebutted the State's suggestion that his going to the bathroom, following M.K.'s reaction to

his assault, "was an indirect admission of guilt." However, after conducting a "careful review of the trial transcript" the judge concluded the "inference of guilt . . . was not part of the trial proceedings." Instead, the judge concluded the "argument was only raised for the first time in this PCR" petition. Thus, the judge found "trial counsel would have had no idea that medical records should have or could have been used at trial."

The judge reviewed defendant's claim "that trial counsel was deficient for not objecting to [M.K.]'s testimony about defendant's reaction when [she] confronted him." However, the judge concluded there was no merit in this claim because defendant failed to proffer a "basis" for a valid objection to the testimony. The judge considered N.J.R.E. 401[2] and N.J.R.E. 403[3] and concluded that M.K. was a "fact witness for the State"; her testimony was "competent, relevant, and material"; and "[t]he probative value of her sworn testimony was not outweighed by any undue prejudice . . . ."

---

[2] "'Relevant evidence' means evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401.

[3] "Except as otherwise provided by these rules or other law, relevant evidence may be excluded if its probative value is substantially outweighed by the risk of: Undue prejudice . . . ." N.J.R.E. 403(a).

A-2042-24

Judge Tarantino concluded "defendant ha[d] failed to meet either Strickland/Fritz test." The judge found "[t]here [wa]s no prima facie showing that (1) . . . counsel's representation fell below an objective standard of reasonableness; and (2) there [wa]s a reasonable probability that, but for counsel's unprofessional errors, the results of the trial would have been different." Because defendant failed to make the requisite prima facie showing, the judge concluded "defendant [wa]s not entitled to an evidentiary hearing."

On appeal defendant presents the following arguments:

POINT I

THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY . . . DEFENDANT'S PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING BECAUSE . . . DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM THAT HIS COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND PURSUE POTENTIAL DEFENSES.

A. . . . DEFENDANT'S TRIAL ATTORNEY SHOULD HAVE SUBPOENAED THE GREYHOUND BUS PASSENGER LIST FOR POTENTIAL WITNESSES.

B. . . . DEFENDANT'S TRIAL ATTORNEY SHOULD HAVE CONSULTED WITH A CROSS-CULTURAL EXPERT WHO COULD HAVE EXPLAINED . . . DEFENDANT'S REACTION TO M.K.'S ACCUSATION.

C. . . . DEFENDANT'S TRIAL ATTORNEY SHOULD HAVE REQUESTED AN INTERPRETER.

D. . . . DEFENDANT'S TRIAL ATTORNEY DID NOT ADEQUATELY ADVISE . . . DEFENDANT ABOUT THE RISKS OF TESTIFYING.

E. . . . DEFENDANT'S TRIAL ATTORNEY SHOULD HAVE PRESENTED MEDICAL EVIDENCE OF . . . DEFENDANT'S URINARY ISSUES, WHICH FORCED . . . DEFENDANT TO MAKE FREQUENT VISITS TO THE RESTROOM.

F. . . . DEFENDANT'S TRIAL ATTORNEY SHOULD HAVE OBJECTED TO M.K.'S TESTIMONY ABOUT . . . DEFENDANT'S REACTIONS.

PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). It "provide[s] a built-in 'safeguard that ensures that a defendant [i]s not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

"A petition for [PCR] is cognizable if based upon . . . [a s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.] . . ." R. 3:22-2(a). "Those accused in criminal proceedings are guaranteed the right to

8

counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10).[4] "[I]t is not enough '[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'" Id. at 550 (second alteration in original) (citation omitted) (quoting Strickland, 466 U.S. at 685-86).

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as

---

[4] The Sixth Amendment to the Constitution of the United States provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

Article I, Paragraph 10 of the Constitution of the State of New Jersey provides: "In all criminal prosecutions the accused shall have the right . . . to have the assistance of counsel in his defense."

the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under "the 'second, and far more difficult, prong,'" a defendant must show that his or her defense was prejudiced. Gideon, 244 N.J. at 550 (quoting Preciose, 129 N.J. at 463). The defendant must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "Prejudice is not to be presumed." Gideon, 244 N.J. at 551 (citing Fritz, 105 N.J. at 52). "The defendant must 'affirmatively prove prejudice.'" Ibid. (quoting Strickland, 466 U.S. at 693).

If defendant fails to "make[] both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.

A defendant "must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citing State v. Mitchell, 126 N.J.

565, 579 (1992)). "R[ule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions [and] R[ule] 3:22-10 recognizes judicial discretion to conduct such hearings." Cummings, 321 N.J. Super. at 170. Nevertheless, PCR "courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of" PCR. Preciose, 129 N.J. at 462. "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462-63. "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, . . . will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)).

A defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. Therefore, "when a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. (citing R. 1:6-6).

Applying this well-established law, we conclude Judge Tarantino's analysis is unassailable. We only add that defendant has not established trial

counsel's performance was deficient. Indeed, defendant's allegations are nothing more than impermissible "bald assertions." See Cummings, 321 N.J. Super. at 170. Defendant has not supported his assertions with affidavits to establish a prima facie claim of deficient representation. For instance, there is no evidence: a bus passenger list existed; what a cross-cultural expert's qualifications would have been, nor an indication of their purported testimony; how his defense was affected by English not being his primary language or how he advised counsel or that counsel should have known about his alleged English language comprehension difficulties; how counsel failed to advise him concerning the risk of his testifying; and establishing his medical diagnosis and how that diagnosis affected him after M.K.'s reaction to his sexual contact. In addition, there is no merit to defendant's argument that M.K.'s testimony concerning defendant's actions, after the sexual contact, was objectionable. Having concluded trial counsel's representation was not deficient, we similarly conclude there was no prejudice to defendant's defense.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

12                                                                    A-2042-24